UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA MCCARTHY,<br><br>    Plaintiff,<br><br>v.<br><br>STRATEGIC STUDENT SOLUTIONS, LLC,<br><br>    Defendant. | CIVIL ACTION 1:16-cv-07543<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

NOW COMES the Plaintiff, JOSHUA MCCARTHY ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, STRATEGIC STUDENT SOLUTIONS, LLC ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law ICFA claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this Judicial District.

PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in the Northern District of Illinois.

5. Defendant is a foreign limited liability company formed under the laws of the State of Florida. Defendant has a principal place of business located at 8461 Lake Worth Road, Suite 450, Lake Worth, Florida 33467. Defendant conducts business across the country, including in the State of Illinois.

### DEFENDANT'S TELEMARKETING CALLS TO PLAINTIFF'S CELLULAR PHONE

6. In or around March 2016, after incurring student loan debt, Plaintiff contacted Defendant regarding student debt relief.

7. Defendant advised Plaintiff that he could not be offered such relief at that time.

8. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 5885. Plaintiff is and has always been financially responsible for his cellular phone ending in 5885 and its services.

9. In late March 2016, Plaintiff began receiving calls from Defendant to Plaintiff's cellular phone ending in 5885.

10. Plaintiff never provided his phone number to Defendant. Furthermore, Plaintiff never gave Defendant express consent to contact him on his cellular phone.

11. The calls persisted and Plaintiff answered a call to determine the identity of the caller on March 29, 2016.

12. Plaintiff answered a call from Defendant on April 4, 2014 and demanded that Defendant cease placing calls to his cellular phone.

13. During this call, Plaintiff noticed an approximate 3-second pause between the time he said "hello," and the time that a live agent engaged Plaintiff in a conversation.

14. Notwithstanding Plaintiff's request that the calls cease, Defendant continued to place harassing telemarketing calls to Plaintiff on his cellular phone attempting to persuade him to consolidate his student debt for a fee.

15. Plaintiff again requested that Defendant cease placing calls to his cellular phone on at least one other occasion, to no avail.

16. Between March 2016 and May 2016, Defendant has placed no less than 20 calls to Plaintiff's cellular phone without his consent. During this period, Defendant placed as many as 3 calls to Plaintiff's cellular phone in a single day.

17. During the Defendant calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

18. Plaintiff's unambiguous demands that Defendant cease placing calls to his cellular phone fell on deaf ears and the calls continued after Plaintiff requested that the calls cease.

19. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel.

## DAMAGES

20. Plaintiff has suffered emotional distress, mental anguish, and anxiety as a direct result of Defendant's unlawful practices.

21. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

22. Plaintiff has been unduly inconvenienced and harassed by Defendant's unlawful actions.

23. Defendant's phone harassment campaign and illegal solicitation activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, waste of time and causing the risk of personal injury due to interruption and distraction, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

24. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

25. Plaintiff has been forced to retain counsel to ensure that Defendant's unlawful activities cease permanently; and thus has incurred expenses in the form of legal fees and costs.

## COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA prohibits calling persons on their cellular phones using an automatic telephone dialing system (hereinafter "ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

28. The TCPA defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

29. Upon information and belief, based on the pause and lack of prompt human response during the calls Plaintiff answered on his cellular phone and the frequency of the calls, Defendant used a predictive dialing system to place calls to Plaintiff's cellular phone.

30. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

31. "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

32. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

33. Defendant violated the TCPA by placing no less than 20 telemarketing calls to Plaintiff's cellular phone between March 2016 and May 2016, using an ATDS, and without his consent.

34. As stated above, Plaintiff never provided his cellular phone number to Defendant and thus Defendant never had consent to place calls to Plaintiff's cellular phone.

35. Moreover, Plaintiff demanded that Defendant cease placing calls to his cellular phone on no less than two separate occasions during the phone calls Plaintiff answered.

36. As pled above, Plaintiff was substantially harmed by Defendant's telemarketing calls to his cellular phone.

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to treble damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE Plaintiff, JOSHUA MCCARTHY, requests that this Honorable Court:

a. Declare Defendant's cellular phone calls to Plaintiff to be a violation of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

38. Plaintiff restates and reallages paragraphs 1 through 25 as through fully set forth herein.

39. The Illinois Consumer Fraud and Deceptive Business Practices Act states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

40. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

41. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

42. Defendant is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f). Defendant engages in the marketing and sales of debt consolidation services, an activity which is within the stream of commerce and utilized in Defendant's regular course of business.

43. Defendant violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to solicit Plaintiff's business.

### a. Unfairness

44. It was unfair for Defendant to harass Plaintiff through endless telemarketing calls to his cellular phone without Plaintiff's consent.

45. It was unfair for Defendant to place up to 3 calls in one day to Plaintiff's cellular phone.

46. It was unfair for Defendant to place calls to Plaintiff's cellular phone when he was at work, thus frustrating his abilities to perform his duties.

47. Defendant has bullied Plaintiff into near submission via unfair conduct through its harassing phone calls.

48. The phone harassment campaign Defendant has unleashed onto Plaintiff is against public policy, immoral, unethical, and oppressive.

49. As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

50. Upon information and belief, Defendant systematically places unsolicited and harassing telemarketing calls to consumers in Illinois in order to aggressively market debt consolidation services.

51. Upon information and belief, placing unsolicited and harassing telemarketing calls to Illinois consumers is an unfair business practice willfully employed by Defendant and is done on a large scale.

52. Upon information and belief, Defendant's conduct results in substantial injury to Illinois consumers in the form of invasion of privacy.

53. Moreover, Defendant's unlawful and unfair solicitation practices gives it an unfair competitive advantage over businesses that solicit business lawfully (companies that legally place calls with prior consent, as authorized, and that lawfully cease calling upon request).

54. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and Illinois consumers, generally, and Plaintiff had no choice but to submit to the continued harassing phone calls.

WHEREFORE Plaintiff, JOSHUA MCCARTHY, requests that this Honorable Court:

a. Enter judgment in his favor and against Defendant;
b. Award Plaintiff actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Award Plaintiff reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**


Dated: July 25, 2016                                                  Respectfully Submitted,

/s/ Omar T. Sulaiman

Omar T. Sulaiman, Esq.
ARDC#6322837
*Counsel for Plaintiff*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630) 575-8181
Fax (630) 575-8188